## Case No. 7,018.

In re INDEPENDENT INS. CO.

[2 Lowell, 97; [1] 6 N. B. R. 169.]

District Court, D. Massachusetts. Jan., 1872.[2]

C. I. Reed, for receivers.

H. W. Paine and J. O. Teele, for petitioning creditor.

[1] [Reported by Hon. John Lowell. LL. D.. District Judge, and here reprinted by permission.]

[2] [Affirmed in Case No. 7,017.]

B. Sanford, for the corporation, ▮▮▮

LOWELL, District Judge. The questions necessarily presented by this case do not appear to be difficult of solution; and as the affairs of the company are said to need attention, I have determined to dispose of them without delay. The somewhat startling proposition is made, that by the decree of the supreme court of the commonwealth, dissolving the corporation, the whole jurisdiction in bankruptcy is foreclosed, and the general creditors must be content to take such assets as remain within the reach of the state process, and to leave all extra-territorial property to the mercy of attaching creditors, and all payments which would have been preferences under the bankrupt act to be mere payments in full of so many debts of the company. The corporation is extinct, it is said, and its property has reverted to the state, which never owned it, or to those who happen to be in possession of it at the moment of the dissolution. This view would be equally fatal, of course, to the title of the receivers, and to the suit under which they are acting, as to all other suits and proceedings. They felt the pressure of this situation; for the learned and able counsel who represented them said that he was not sure whether he occupied any other relation to this case than that of an amicus curiae, suggesting the death of the supposed bankrupt.

The cases cited for this position do not support it. One of these cases is Curran v. Arkansas, 15 How. [56 U. S.] 304, in which Mr. Justice Curtis cites. with approval, a note to 2 Kent, Comm. 307, to the effect that this doctrine is obsolete; and all the other cases, excepting two decisions at common law, lay down the rule that a corporation, however it may be dissolved, still exists for the purpose of paying its debts, and of dividing its surplus, if any, among its shareholders, or of having this done by a court of equity. These two cases do say that a judgment at law cannot be lawfully rendered against an extinct corporation; but I have yet to learn that a petition in bankruptcy is an action at law. It is an equitable sequestration, more so than the bill under which the receivers were appointed, in this, that it

has a wider reach and a more effectual operation. If it were not, it would make no difference; because the statute of Massachusetts agrees with the doctrine of chancery, and extends it to cases at law, by enacting that all corporations whose charters expire by limitation, or are annulled by forfeiture or otherwise, shall nevertheless be continued bodies corporate for three years, for the purpose of prosecuting and defending suits, and settling their affairs, etc. Gen. St. c. 68, § 36. The charter of this corporation has either been annulled by forfeiture or otherwise, or it is in full vigor; and in either event the corporation may prosecute and defend suits, excepting as restrained by a court of competent jurisdiction.

I do not intend to enter into any race of diligence, or any controversy concerning jurisdiction, until I am obliged to do so. If I see the supreme judicial court exercise a power, I shall assume it to exist, though I may not perceive very clearly the source from which it is derived. Granting, then, for the purposes of this hearing, that the state law by which insolvent insurance companies are wound up is not, so far as the mere winding up is concerned, suspended by the bankrupt law, not even at the demand of the creditors, and that the jurisdiction is co-ordinate, it is yet certain that the decree of the supreme judicial court was not intended by that court to operate, and does not operate, to take away the jurisdiction of this court in bankruptcy. I find in it no injunction against a petition in bankruptcy, even by the corporation, and, of course, none addressed to creditors; and I do not suppose that court would undertake to enjoin such a proceeding. It simply forbids the company to carry on business, except in ascertaining losses and cancelling policies. Nay, more, if the power of the receivers is as extensive as it is said to be, it would be their clear duty under the decree to put the corporation into bankruptcy, since they can in no other way carry out the true intent of the decree, which is, that the property should be equally divided among all the creditors. If we adopt the bold metaphor of the argument, that the defendant is dead, and the funeral rites alone remain to be solemnized, we shall find that only in this place can they be adequately performed.

The cases of Taylor v. Carryl [20 How. (61 U. S.) 583], Freeman v. Howe [24 How. (65 U. S.) 450], and others, which maintain that, when the courts of one jurisdiction have possession of the res, no others can interfere with it, have no application; because, from its constitution and powers, the supreme judicial court cannot have full possession of the res, and does not profess to have it. It knows no such thing as a preference; it cannot deal with property out of the state; and there therefore remains, and must remain, in every case, a possible res for this court to act on, even if the jurisdiction is concurrent

or co-ordinate. That res is shown to exist in this case.

I have not considered with care the question whether the assignees will be entitled to the property. If they are, they can undoubtedly obtain it by application to the supreme judicial court, should the receivers be in possession, of which I am not advised, and refuse to resign it, which I do not expect. If the decree there should be against them, they can have a writ of error to Washington; or they may, I suppose, sue the receivers in a personal action, though not by replevin, in the courts of the United States. I cannot doubt that full and speedy justice will be done them in either jurisdiction. Finding, as I do, that this corporation still exists for the purpose of being proceeded against here, and that its creditors have not been enjoined from proceeding, nor the corporation from defending or being defaulted, and that it admits the acts of bankruptcy alleged against it, I adjudge it to be bankrupt, and order a warrant to issue, as provided by law. Adjudication ordered.